# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE #1,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in their official capacities,<br><br>    Defendants. | Case No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff John Doe ("Plaintiff") hereby complains against Defendants William B. Lee and David B. Rausch as follows:

## INTRODUCTION

1. Article I, section 10, clause 1 of the United States Constitution (the "Ex Post Facto Clause") provides in relevant part: "No State shall…pass any…*ex post facto* Law[.]" The Ex Post Facto Clause prohibits laws that impose retroactive punishment. A law imposes punishment if it is punitive in intent or punitive in effect.

2. Plaintiff is a Tennessee resident who must comply with the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004 for the rest of his life. *See* Tenn. Code Ann. §§ 40-39-201–40-39-218 (West 2021) ("SORA").

3. Plaintiff was convicted of committing a sex offense that occurred before SORA took effect in 2004 and before Tennessee's first sex offender registry law took effect in 1995.

4. SORA imposes onerous restrictions on Plaintiff that burden his liberty in every aspect of his life. Plaintiff must report in person every calendar quarter and must report on 48 hours'

notice for certain other reasons. Pursuant to SORA, the state of Tennessee publicly and falsely identifies Plaintiff as "violent." Plaintiff may not live, work, stand, "sit idly," or remain in vast areas of the state of Tennessee, especially within its cities and towns. Plaintiff cannot attend his children's school functions and sporting events. Plaintiff must comply with these restrictions and obligations for the rest of his life. Any failure to comply is a felony punishable by a mandatory minimum prison term.

5. Individually and in combination, SORA's requirements and limitations are punitive in effect and therefore constitute an unconstitutional *ex post facto* law as applied to Plaintiff.

6. Plaintiff seeks declaratory and injunctive relief barring SORA's application to Plaintiff.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343 (West 2021) because Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 (West 2021) for the violation of his rights under the United States Constitution.

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201–2202 (West 2021), by Fed. R. Civ. P. 57 and 65 (West 2021), and by the legal and equitable powers of this Court.

9. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) (West 2021).

## PARTIES

### *Plaintiff*

10. Plaintiff is an individual who resides in the Middle District of Tennessee and is required to comply with SORA.

### *Defendant Lee*

11. Defendant William B. Lee is the Governor of the State of Tennessee and resides in the Middle District of Tennessee. He is sued in his official capacity.

12. Pursuant to Article III, section 1 of the Tennessee Constitution, the supreme executive power of the state is vested in the governor. The Tennessee Constitution further provides that the governor shall take care that applicable federal and state laws are faithfully executed. Tenn. Const., art. III, § 10 (West 2021). The governor is ultimately responsible for the enforcement of the laws of this state, including SORA, and for supervision of all state departments, including the Tennessee Bureau of Investigation (the "TBI"), which maintains the sex offender registry created by SORA.

13. Governor Lee is an appropriate defendant in a case challenging the constitutionality of SORA.

### *Defendant Rausch*

14. Defendant David B. Rausch is the Director of the TBI and resides in the Middle District of Tennessee. He is sued in his official capacity.

15. SORA requires the TBI to maintain Tennessee's sex offender registry. Tenn. Code Ann. § 40-39-204(a) & (d), § 40-39-206(a) (West 2021). The TBI's responsibilities include enforcing SORA, maintaining the state's database of sex offenders, maintaining an Internet-accessible public sex offender registry, registering offenders (along with other law enforcement agencies), developing registration forms, providing statutorily-required notices to registrants, collecting registration fees, and coordinating with national law enforcement and the national sex offender registry. *See* Tenn. Code Ann. § 40-39-203(i), § 40-39-204(a) & (d), § 40-39-205(a) & (f), § 40-39-206 (West 2021).

16. The director of the TBI is an appropriate defendant in a case challenging the constitutionality of SORA.

## FACTS

### A. Tennessee's Sex Offender Registry Law

17. Tennessee's first sex offender registry law took effect January 1, 1995. 1994 Tenn. Pub. Laws, ch. 976, § 11 (West).

18. After multiple amendments, the original sex offender registry law was ultimately replaced by SORA, effective August 1, 2004. 2004 Tenn. Pub. Acts, ch. 921, § 6 (West).

19. On March 2, 2013, Judge Aleta A. Trauger, United States District Judge for the Middle District of Tennessee issued a "memorandum" which stated that "the Court's holding in this case strongly suggests that Tennessee's policy of continuing to apply the Act [the SORA] to other individuals who committed pre-enactment offenses is unconstitutional. Indeed, that is putting things too mildly; the court's holding *definitely* suggests as much. How could it not?" *John Does #1-9 v. Lee and Rausch*, Middle District of Tennessee, Case No. 3:21-CV-00590 (memorandum issued March 2, 2023 (emphasis in original).

### B. Plaintiff's Offense and Conviction

20. On October 17, 1996, Plaintiff was indicted for rape. (Ex. A).

21. On July 22, 1997, Plaintiff pled guilty to rape and was sentenced to an eight year sentence with all of the sentence suspended to supervised probation after the Plaintiff serviced a year in a Tennessee Department of Correction facility. Nothing in the judgment mentions anything concerning sex offender supervision. (Ex. B)

22. Upon a motion filed by District Attorney General Randall A. York "to require community supervision for life" (which was not served on the then incarcerated Plaintiff until his release from prison AFTER the amended judgment had been entered), on September 8, 2006, the

State of Tennessee filed an "amended judgment" in the Plaintiff's case which added the following language: "this judgment is hereby amended to reflect that the defendant shall be on life time supervision." Neither the Plaintiff nor any defense attorney signed the amended judgment. (Ex. C and D).

23. Although an order releasing the Plaintiff from Community Supervision for Life was entered on July 25, 2008, the Plaintiff remains on lifetime supervision. (Ex. E).

24. Since his guilty plea, Plaintiff has had a DUI conviction, a sale and delivery of cocaine conviction and several violation of probation convictions but has otherwise led a productive, tax paying, law-abiding life. No convictions since 2008. Plaintiff is divorced, and has children, and has worked at his current employment for thirteen (13) years.

25. In early September 2022, Plaintiff's attorney wrote the Tennessee Bureau of Investigation, Sex Offender Unit ("Unit") requesting that Plaintiff be removed from the registry. On September 6, 2022, the Unit responded stating that "your request must be denied because you are classified as a 'violent sexual offender' and are required to register for life in Tennessee" and that the Plaintiff was classified as a "violent sexual offender" "due to your conviction in Putnam County, Tennessee on September 6, 2006 for Rape." (Ex. F). (NB the conviction date is incorrect—Plaintiff entered a plea in 1997.)

### C. Reporting Obligations

26. SORA classifies offenders as "sexual offenders," "violent sexual offenders," and "violent juvenile sexual offenders." Tenn. Code Ann. § 40-39-202(9) (West 2021). An offender's classification determines the length of time that a person must register and the frequency of reporting. *See id.* §§ 40-39-204, 40-39-207(g) (West 2021).

27. "Sexual offenders" must register and comply with all obligations imposed by SORA for at least ten years, while "violent sexual offenders" must register and comply for life. *See*

Tenn. Code Ann. § 40-39-207(a) & (g) (West 2021).

28. An offender's classification is based solely on the offense of conviction. Tenn. Code Ann. § 40-39-202(19), (20), (30) & (31) (West 2021).

29. An offender's classification is not based on, and does not correspond to, an individualized assessment of the offender's actual risk of re-offending or the danger the offender poses to the public.

30. SORA defines Plaintiff's sex offense as a "violent sexual offense." Tenn. Code Ann. § 40-39-202(31) (West 2021). Plaintiff is therefore required to register and report as a "violent sexual offender" for life, Tenn. Code Ann. § 40-39-207(g)(2)(B) (West 2021).

31. Even upon the clearest proof that Plaintiff is not dangerous, there is no mechanism under SORA that would allow Plaintiff to have his registration obligations eliminated or reduced.

32. As a "violent sexual offender," Plaintiff must report in person every March, June, September, and December, Tenn. Code Ann. § 40-39-204(b)(1) (West 2021), and must provide the following information:

   (a) Plaintiff's complete name and all aliases;
   (b) Plaintiff's date and place of birth;
   (c) Plaintiff's social security number;
   (d) A photocopy of Plaintiff's driver license;
   (e) Sexual offenses or violent sexual offenses for which Plaintiff has been convicted, the date of the offenses, and the county and state of each conviction;
   (f) Name of any of Plaintiff's current employers and length of employment, including physical addresses and phone numbers;
   (g) Plaintiff's current physical address and length of residence at that address, including any primary or secondary residences;

(h) Plaintiff's mailing address, if different from Plaintiff's physical address;

(i) Any vehicle, mobile home, trailer, or manufactured home used or owned by Plaintiff, including descriptions, vehicle information numbers, and license tag numbers;

(j) Any vessel, live-aboard vessel, or houseboat used by Plaintiff, including the name of the vessel, description, and all identifying numbers;

(k) Name and address of each institution of higher education in this state where Plaintiff is employed or practices a vocation or is a student;

(l) Plaintiff's race and gender;

(m) Name, address, and phone number of Plaintiff's closest living relative;

(n) Whether victims in the underlying offenses were minors or adults, the number of victims, and the correct age of the victim or victims and of Plaintiff at the time of the offense or offenses, if the ages are known;

(o) Verification by the TBI or Plaintiff that the TBI has received Plaintiff's DNA sample;

(p) A complete listing of Plaintiff's electronic mail address information, including usernames, any social media accounts Plaintiff uses or intends to use, instant message accounts, other Internet communication platforms or devices, and Plaintiff's username, screen name, or other method by which Plaintiff accesses these accounts or web sites;

(q) Whether any minors reside in Plaintiff's primary or secondary residences;

(r) Any other registration, verification, and tracking information, including fingerprints and a current photograph of Plaintiff, his vehicles, and his vessels, required by TBI rules;

  (s) Copy of Plaintiff's passport; and

  (t) Professional licensing information that authorizes Plaintiff to engage in an occupation or carry out a trade or business.

Tenn. Code Ann. § 40-39-203(i) (West 2021).

33. SORA requires Plaintiff to provide a "current" photograph, Tenn. Code Ann. § 40-39-203(i)(19) (West 2021), which means if Plaintiff's appearance changes, he must update the photograph within 48 hours. *Id.* § 40-39-203(a)(4).

34. In addition to reporting in person at regular intervals, Plaintiff must report in person within 48 hours if any of the information above changes. Tenn. Code Ann. § 40-39-203(a)(4) (West 2021). For example, Plaintiff must report in person within 48 hours if he changes his address, job, or e-mail address, opens a Facebook account, buys or begins using a vehicle, or stops using a vehicle.

35. There are no "good cause" exceptions to the reporting requirements or to the 48-hour notification requirements. Regardless of illness, injury, transportation problems, or other emergencies, Plaintiff must report in person within 48 hours or face criminal charges.

### D. Family Relationships

36. SORA severely burdens Plaintiff's family relationships in multiple ways.

37. If Plaintiff's own child is at any school, child care facility, public park, playground, recreation center or public athletic field, Plaintiff cannot enter the premises except to attend a "conference" with "officials," and only after receiving written permission or a request from the school's principal or facility's administrator, or to drop off or pick up the child at school, and only after notifying the school's principal or administrator that he is a registered sex offender. Tenn. Code Ann. § 40-39-211(d)(1) & (2) (West 2021).

38. Thus, Plaintiff cannot attend his children's school functions (including graduation)

and school sporting events.

39. On one occasion Plaintiff was at a school softball game (that he was legally allowed to attend at the time but would not be allowed under SORA) and the opposing team's coach was Petitioner's sex offender probation officer, the probation officer made a "seen:" at the softball game yelling at Plaintiff that "he was a sex offender", "he shouldn't be here" and "if he doesn't leave I'm going to call the police;" the Plaintiff left the game.

40. Plaintiff cannot "[b]e upon or remain on the premises of any building or grounds of any public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public in this state when the offender has reason to believe children under eighteen (18) years of age are present." Tenn. Code Ann. § 40-39-211(d)(A) (West 2021). Thus, Plaintiff cannot go to parks and playgrounds with his minor children or attend their non-school sporting events.

41. Plaintiff cannot allow his minor children to invite their friends to his home because he cannot "be alone with a minor or minors in a private area" except under limited and vaguely defined circumstances and this has caused him to be estranged from his children. *See* Tenn. Code Ann. § 40-39-211(k) (West 2021).

42. Plaintiff's SORA registration causes ostracism and humiliation for his entire family.

43. SORA's restrictions prohibit Plaintiff from participating with his children in Halloween events.

44. Law enforcement officers further humiliate Plaintiff and his family by coming to his house unannounced for "spot checks," usually in the holiday season.

### E. Housing

45. SORA severely burdens Plaintiff's access to housing. SORA bars Plaintiff from "residing" within 1,000 feet of any "public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field

available for use by the general public," making a substantial amount of housing unavailable as a matter of law. Tenn. Code Ann. § 40-39-211(a)(1) (West 2021).

46. To give his family relief from his neighbors' ostracism, Plaintiff attempted to buy a house in a different neighborhood. After paying the earnest money, however, the law enforcement agency to which he reported told him he could not live there because there was an in-home daycare close by. Plaintiff lost the house and his earnest money.

47. Plaintiff cannot live in the city limits of his chosen home town because of the SORA restrictions.

### F. Employment

48. SORA bars Plaintiff from working within 1,000 feet of any "public school, private or parochial school, licensed day care center, other childcare facility, public park, playground, recreation center or public athletic field available for use by the general public," making a substantial number of employments unavailable as a matter of law. Tenn. Code Ann. § 40-39-211(a)(1) (West 2021).

49. The ostracism Plaintiff suffers as a result of SORA registration also affects his Employment and Plaintiff has lost at least one employment possibility a result of his registration.

50. Plaintiff's employment options are severely limited due to SORA's prohibitions on where he can work. Plaintiff had a job, which he started in 1998. In 2009, Plaintiff's probation officer was at Plaintiff's workplace (on another matter) and when Plaintiff came to work, his probation officer told Plaintiff that he had to leave the workplace (and resign) or Plaintiff would be arrested. The basis of this demand was that a new school had been built within 1000 feet (as the crow flies) from Plaintiff's workplace. As a result of losing his job, Plaintiff could not complete the purchase of a home and had his car repossessed. At the same time, Plaintiff's probation officer searched his house and forced Plaintiff's wife to thrown away her marital aids

and Plaintiff's personal protection devices.

### G. Educational Opportunities

51. SORA makes it more difficult for Plaintiff to get an education. Plaintiff's sex offender registration must include the name and address of each institution of higher education where Plaintiff is a student, Tenn. Code Ann. § 40-39-203(i)(12) (West 2021), and the TBI must provide Plaintiff's registration information to any school in which Plaintiff becomes a student, *id.* § 40-39-214(a)(2). This means Plaintiff is automatically stigmatized if he seeks an education.

### H. Travel

52. Plaintiff's status as a registrant has severely restricted his ability to travel. Plaintiff must provide at least twenty-one days' advance notice before traveling out of the country. Tenn. Code Ann. § 40-39-204(h) (West 2021). SORA allows overseas travel on twenty-four hours' notice in just two cases: (a) registrants who travel out of the country frequently "for work or other legitimate purpose" and who have "the written approval of the designated law enforcement agency"; and (b) registrants who travel overseas for "emergency situations." *Id.* Since the law does not define what constitutes an "emergency," whether he can leave the country on less than twenty-one days' notice is subject to the arbitrary determination of law enforcement officials.

53. In addition, Plaintiff must plan his travel so that he is able to register in person quarterly, as required by SORA. Tenn. Code Ann. § 40-39-204(b) (West 2021).

54. The "International Megan's Law to Prevent Child Exploitation and Other Sexual Crimes Through Advanced Notification of Traveling Sex Offenders," Pub. Law No. 114–119, 130 Sta. 15 (West), generally authorizes the federal government to give "advance notice" to a foreign country when a registered sex offender is traveling to that country, *id.* § 4(e)(3), and makes it a federal crime for a registered sex offender to fail to report information on intended international travel, *id.* § 6(a). The law also requires that passports issued to persons registered as

sex offenders have a "unique identifier" indicating their status. *Id.* § 8.

55. Plaintiff cannot know whether a country receiving advance notice will prohibit Plaintiff's entry. Thus, the requirement under Tennessee law that Plaintiff register as a sex offender burdens his ability to travel anywhere else in the world and also exposes Plaintiff to extra scrutiny by United States immigration officials when he returns to the country.

### I. Speech

56. SORA severely burdens Plaintiff's ability to speak freely. Plaintiff not only must provide law enforcement with all electronic mail addresses, instant message addresses, log-in names, or other identifiers that are assigned to or routinely used by him, Tenn. Code Ann. § 40-39-203(i)(17) (West 2021), but must also report within three days whenever he establishes any electronic mail address, instant message address, or other designation used in Internet communications or postings, *id*. § 40-39-203(a)(7).

57. SORA expressly authorizes monitoring offenders' internet use:

> Registry information regarding all registered offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information may be electronically transmitted by the TBI to a business or organization that offers electronic communication or remote computing services for the purpose of pre-screening users or for comparison with information held by the requesting business or organization. **In order to obtain the information from the TBI, the requesting business or organization that offers electronic communication or remote computing services shall agree to notify the TBI forthwith when a comparison indicates that any such registered sex offender's electronic mail address information, any instant message, chat or other Internet communication name or identity information is being used on their system.** The requesting business or organization shall also agree that the information will not be further disseminated.

Tenn. Code Ann. § 40-39-203(m) (West 2021) (emphasis added).

58. Under SORA, Plaintiff cannot engage in anonymous political speech on the Internet because Plaintiff must report the e-mail address or other username he uses on any site such as Change.org or Whitehouse.gov. The United States Supreme Court has held that anonymous political speech exemplifies the purpose of the First Amendment:

> Under our Constitution, anonymous pamphleteering is not a pernicious, fraudulent practice, but an honorable tradition of advocacy and of dissent. Anonymity is a shield from the tyranny of the majority. *See generally* J. Mill, *On Liberty and Considerations on Representative Government* 1, 3–4 (R. McCallum ed. 1947). It thus exemplifies the purpose behind the Bill of Rights, and of the First Amendment in particular: to protect unpopular individuals from retaliation—and their ideas from suppression—at the hand of an intolerant society.

*McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 357 (1995). The anonymous online petitioner, blogger, and commenter is the modern version of the anonymous pamphleteer. SORA deprives Plaintiff of his constitutional right to engage in such protected speech.

### J. False Information & Stigmatization

59. The sex offender registry stigmatizes Plaintiff and exposes Plaintiff to public hostility by publicly and falsely labeling him as "violent" based solely on the statutory classification of his offense as a "violent sex offense."

60. The public registry website not only generates hostility toward Plaintiff, it enables anyone hostile toward Plaintiff because of his registry status to find him by posting extensive personal information about Plaintiff, including his residential address, employer address, date of birth, school information, vehicle information, physical description, and photograph. Tenn. Code Ann. § 40-39-203(i) (West 2021). As a result, Plaintiff is exposed to a substantial risk of ostracism, harassment, and violence.

61. Because Plaintiff is stigmatized as a "violent" sex offender on the public registry website, he and his family have been subjected to ostracism and harassment.

### K. SORA Compared to Probation

62. SORA's reporting, surveillance, and supervision requirements are similar to, but more restrictive and onerous than, the reporting, surveillance, and supervision that Plaintiff has experienced while serving his sentence on probation.

63. Plaintiff was required to report to his probation officer only periodically for a fixed term. Under SORA, Plaintiff must report quarterly, and every time he leaves or returns to the country, and on numerous other occasions, for the rest of his life. While on probation, Plaintiff reported briefly at scheduled times and could even report some matters to his probation officer by telephone. As Plaintiff progressed through probation, the probation officer required increasingly less reporting. Under SORA, Plaintiff must report in person. He cannot report at a scheduled time. He must go and spend hours waiting in line at his local law enforcement agency's sex offender registry office.

64. If Plaintiff had been accused of violating his probation terms, the maximum sanction would have been to serve his sentence. Under SORA, Plaintiff faces arrest and prosecution on a felony charge for each alleged violation of the law.

65. The fundamental difference between the reporting, surveillance, and supervision requirements of probation and those of SORA is that probation is based on the premise that convicted persons like Plaintiff can be rehabilitated and prepared to be productive members of society once they have served their sentence, while the premise of SORA is that Plaintiff is and will always be a menace to society, regardless how many years Plaintiff lives peaceably, productively, and without criminal conduct.

66. Under SORA, Plaintiff must report significantly more information than what he was required to report while he was serving his sentence on probation.

67. SORA's requirement that minor changes be reported in person within 48-hours is a level of reporting that far exceeds what Plaintiff experienced while he was serving his sentence on probation.

68. As a result of SORA's immediate reporting requirements, coupled with the quarterly reporting requirements, Plaintiff must, for the rest of his life, report in person to law enforcement with a frequency that is greater than his reporting obligations when he was on probation.

69. For Plaintiff, the lifetime surveillance imposed by these reporting requirements is not only intrusive but burdensome. Plaintiff must report in person. Plaintiff cannot even pay his annual registration fee without appearing in person because the law arbitrarily commands it.

### L. *Vagueness, Strict Liability, and Impossibility of Compliance*

70. The restrictions and obligations of SORA are so vague that Plaintiff is unable to know whether or not he is in violation of the law and are so extensive and pervasive that Plaintiff is literally unable to comply with the law. On at least one occasion, after consulting with his probation officer, Plaintiff rented an apartment in Cookeville, Tennessee only to be told afterward that his apartment was within 1000 yards of a school.

71. SORA's requirements for reporting personal information are so vague that Plaintiff does not understand what information must be reported or what changes in information subject him to the in-person, 48-hours reporting requirement.

72. For example, SORA requires Plaintiff to report a "material change in employment or vocation status" within 48-hours and defines a "material change in employment or vocation status" to include "substantially changing the offender's hours of work at the same employment or vocation" or "any other change in the offender's employment or vocation that differs from that which the offender originally registered" if the change remains in effect for five consecutive days or more. Tenn. Code Ann. § 40-39-203(a)(6) (West 2021). If Plaintiff takes a vacation of more than five days and does no work, he does not know whether he must report that period.

73. SORA also requires Plaintiff to report any change to any information on his registration within 48-hours. Tenn. Code Ann. § 40-39-203(a)(4) (West 2021). The information on his registration includes "any vehicle used or owned by an offender" and a "current photograph" of that vehicle. *Id*. § 40-39-203(i)(10) & (19). If Plaintiff borrows a car even once, Plaintiff does not know whether he must report that use. If Plaintiff's car breaks down so that he cannot use it, Plaintiff does not know if he has to report that he is no longer using the car. If Plaintiff gets in a wreck and the car sustains visible damage, Plaintiff does not know whether he must report and provide an updated photograph of the car. If Plaintiff has to use a rental car while his car is in the shop, Plaintiff does not know whether he must report that and then report again when he returns the rental car to the rental company.

74. SORA prohibits Plaintiff from residing or working within 1,000 feet from the property line of any public school, private or parochial school, licensed day care center, other child care facility, public park, playground, recreation center or public athletic field available for use by the general public, and prohibits Plaintiff from standing, sitting "idly," or remaining within that same

distance of those locations if Plaintiff "has reason to believe" minors are present and does not have a "reason or relationship involving custody of or responsibility for" a minor or "any other specific or legitimate reason for being there." Tenn. Code Ann. § 40-39-211(a) & (d) (West 2021). Plaintiff often cannot know if he is standing or sitting "idly" within 1,000 feet of one of these prohibited areas because the property boundaries are unknown and the distances are impossible to measure without sophisticated equipment.

75. Plaintiff also cannot know whether a law enforcement officer will deem him to have a "legitimate reason for being there" and is therefore subject to arbitrary arrest.

76. Plaintiff must obtain and maintain a valid driver's license or photo identification and must "always have the license or identification card" in his possession. Tenn. Code Ann. § 40-39-213(a) (West 2021). The law does not define "possession." Thus, it is unclear whether Plaintiff is in violation of the law in situations where he cannot have his identification on his person, for example, while swimming, sleeping, or exercising.

77. Plaintiff is concerned that he will inadvertently violate SORA's requirements because he does not understand what they are.

78. SORA imposes criminal liability despite the impossibility of compliance. SORA imposes liability regardless of whether illness, injury, or practical difficulties make compliance impossible.

79. Plaintiff fears that, despite his best efforts to understand and comply with the law, and despite the absence of any intention to violate the law, he will be held criminally liable for any failure to comply. He knows that he can be punished with prison even if he does not know a particular act or omission is illegal, because SORA imposes criminal liability solely on the basis that the defendant "knowingly" commits various innocent acts.

80. Any violation of SORA's requirements is a Class E felony, Tenn. Code Ann. § 40-39-

208(b) (West 2021), which carries a minimum sentence of one year and a maximum sentence of six years, *id.* § 40-35-111(a)(5). People convicted of violating SORA's requirements, however, are subject to mandatory minimum sentences and fines of ninety days and $350 for the first offense, 180 days and $600 for the second offense, and one year and $1,100 for the third or subsequent offense. *Id.* § 40-39-208(b)–(e).

### M. Consequences beyond SORA

81. Because Plaintiff must register as a sex offender under SORA, he is also subject to a vast and labyrinthine array of laws and ordinances imposed on registered sex offenders by the federal government, other state or tribal governments, and municipalities.

82. Because registration in one state generally triggers registration in another state, the fact that Plaintiff is subject to SORA means he is also subject to the sex offender registration laws of other jurisdictions if he travels or moves.

### N. Irreparable Harm

83. Plaintiff has and continues to suffer irreparable harm from SORA's enforcement against him and has no other adequate legal remedy for that harm.

## CLAIM FOR RELIEF

## COUNT 1

### *Violation of Ex Post Facto Clause as Applied to Pre-SORA Offenses*

84. Plaintiff incorporates the preceding paragraphs by reference.

85. SORA applies to criminal offenses that occurred before SORA's effective date.

86. Individually and in combination, SORA's provisions are punitive in effect on their face.

87. SORA therefore violates the Ex Post Facto Clause and is unconstitutional as applied based on criminal offenses that occurred before SORA's effective date.

88. Plaintiff is therefore entitled to a judgment: (a) declaring that (i) SORA violates the Ex Post Facto Clause as applied based on criminal offenses that occurred before SORA's effective date and (ii) Plaintiff has no obligation to comply with SORA; (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from applying SORA based on criminal offenses that occurred before SORA's effective date, (ii) from enforcing SORA against Plaintiff, including the continued publication of Plaintiff's information on the sex offender registry ("SOR"), and (iii) to remove Plaintiff's information from the SOR; and (c) awarding Plaintiff's reasonable attorney fees.

## COUNT 2

*Violation of Ex Post Facto Clause as Applied to Plaintiff*

89. Plaintiff incorporates the preceding paragraphs by reference.

90. SORA applies to criminal offenses that occurred before SORA's effective date.

91. Individually and in combination, SORA's provisions are punitive in effect on their face and/or as applied to Plaintiff.

92. SORA therefore violates the Ex Post Facto Clause and is unconstitutional as applied to Plaintiff.

93. Plaintiff is therefore entitled to a judgment: (a) declaring that (i) SORA violates the Ex Post Facto Clause as applied to Plaintiff and (ii) Plaintiff has no obligation to comply with SORA; (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from enforcing SORA against Plaintiff, including the continued publication of Plaintiff's information on the SOR, and (ii) to remove Plaintiff's information from the SOR; and (c) awarding Plaintiff's reasonable attorney fees.

# REQUEST FOR RELIEF

For these reasons, Plaintiff requests the Court to grant judgment against Defendants:

1. On Count 1, (a) declaring that (i) SORA violates the Ex Post Facto Clause as applied based on criminal offenses that occurred before SORA's effective date and (ii) Plaintiff has no obligation to comply with SORA; and (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from applying SORA based on criminal offenses that occurred before SORA's effective date, (ii) from enforcing SORA against Plaintiff, including the continued publication of Plaintiff's information on the SOR, and (iii) to remove Plaintiff's information from the SOR;

2. On Count 2, (a) declaring that (i) SORA violates the Ex Post Facto Clause as applied to Plaintiff and (ii) Plaintiff has no obligation to comply with SORA; (b) preliminarily and permanently enjoining Defendants, their officers, agents, employees, servants, and attorneys, and all persons in active concert or participation with them (i) from enforcing SORA against Plaintiff, including the continued publication of Plaintiff's information on the SOR, and (ii) to remove Plaintiff's information from the SOR;

3. Awarding Plaintiff's costs and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b) following entry of judgment and upon Plaintiffs' motion pursuant to Fed. R. Civ. P. 54(d)(2); and

4. Granting any other necessary or proper relief.

Dated: April 10, 2023.

Respectfully submitted:

/s/ John B. Nisbet III   BPR No. 13364
P.O. Box 531
Livingston, Tennessee 38570
931.267.6203
nisbetcle@gmail.com

Plaintiff's Counsel