Motion GRANTED,
[signature]

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOHN DOE #1,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM B. LEE, Governor of the State of Tennessee, and DAVID B. RAUSCH, Director of the Tennessee Bureau of Investigation, in their official capacities,<br><br>    Defendants. | Case No. 2:23-cv-18 |

### PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff hereby moves the Court for permission to proceed in this action under the pseudonym "John Doe #101" and to enter a protective order barring the disclosure of Plaintiff's true name or other information that identifies Plaintiff or Plaintiff's family members, directly or indirectly, and requiring that any documents containing such information be redacted or filed under seal.

In support of this motion, Plaintiff relies upon Plaintiff's supporting memorandum and the entire record in this case and states:

1. Courts "may excuse plaintiffs from identifying themselves in certain circumstances" where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004).

2. Fed. R. Civ. Proc. 26(c) authorizes the Court to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon motion of a party.

3. Because of the stigma attached to sex offenders and sex offender registration, it is common for courts, including this District Court, to allow sex offenders challenging aspects of sex offender registry laws to proceed under pseudonyms. *See, e.g., Doe v. Lee*, 3:16-cv-02862 (M.D. Tenn.); *Does #1-3 v. Lee*, 3:19-cv-00532 (M.D. Tenn.).

4. Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings because Plaintiff's status as a registered sex offender exposes Plaintiff and Plaintiff's family to significant risks of substantial harm.

5. Plaintiff has no objection to providing Plaintiff's true name to Defendants if the Court enters a protective order barring further dissemination of Plaintiff's true name and requiring that any documents containing Plaintiff's true name or other information that would identify Plaintiff directly or indirectly be redacted or filed under seal.

## CONCLUSION

For these reasons, Plaintiff requests the Court to:

(1) Enter an order (a) permitting Plaintiff to proceed in this action under the pseudonym "John Doe #101," (b) barring the disclosure of Plaintiff's true name or other information that identifies Plaintiff or Plaintiff's family members, directly or indirectly, and (c) requiring that any documents containing such information be redacted or filed under seal; and

(2) grant any other necessary or proper relief.

Dated: May 1, 2023.

Respectfully submitted:

/s/ John B. Nisbet III
John B. Nisbet III   BPR # 13364
Attorney for Plaintiff
P.O Box 531
Livingston, Tennessee 38570
Telephone: 931.267.6203
nisbetcle@gmail.com

## CERTIFICATE OF SERVICE

I certify that on May 1, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to Miranda Jones, Assistant Attorney General, counsel for both defendants as indicated on the electronic filing receipt.

/s/ John B. Nisbet III
John B. Nisbet III